UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BANGOR SAVINGS BANK,<br><br>  Plaintiff,<br><br>v.<br><br>*F/V DESPERATE MEASURES III*<br>(O.N. 1303886),<br><br>  *her masts, boilers, cables, engines, machinery, bowsprits, sails, rigging, boats, anchors, chains, tackle, apparel, furniture, fitting, tools, pumps, and her other equipment and supplies,*<br><br>  *in rem,*<br><br>  Defendant. | Civil Action<br>Docket No. _____ |

## VERIFIED COMPLAINT

Bangor Savings Bank ("Plaintiff") hereby files this Verified Complaint *in rem* against the *F/V DESPERATE MEASURES III* (O.N. 1303886), her masts, boilers, cables, engines, machinery, bowsprits, sails, rigging, boats, anchors, chains, tackle, apparel, furniture, fitting, tools, pumps, and her other equipment and supplies (collectively, the "Vessel"), to foreclose and enforce a maritime lien, and states as follows:

### JURISDICTION & VENUE

1. This is a matter within the admiralty and maritime jurisdiction of this Court within the meaning of 28 U.S.C. § 1333, 46 U.S.C. §§ 31301 and 31322 *et seq.* (the "Maritime Lien Act"), Fed. R. Civ. P. 9(h), and Rules C and E of the Supplemental Rules for Certain Admiralty and Maritime Claims (the "Supplemental Maritime Rules").

1

2. Upon information and belief, Vessel is not regularly used in fishing operations, and is currently stored on land at 777 River Road, Cushing, Maine. Vessel is now, and during the pendency of this action will be, within the District of Maine, and thus this Court has jurisdiction over the Vessel and venue in this Court is proper.

## PARTIES

3. Plaintiff is a banking institution with a principal place of business in Bangor, Maine. Plaintiff provides loans to maritime businesses, often secured by vessels.

4. Defendant *F/V DESPERATE MEASURES III* (O.N. 1303886), *in rem*, is a commercial fishing vessel that is 38 feet in length.

5. Defendant is owned by Logan R. Jones, an individual residing in Maine with a mailing address of 63 Woody Lane, Cushing, Maine ("Borrower").

## FACTUAL BACKGROUND

6. On March 27, 2023, the Borrower executed and delivered a commercial promissory note to Plaintiff in the original principal amount of $439,375.00 (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit A**.

7. The Note was secured by, among other things, the Vessel, pursuant to that certain First Preferred Ship Mortgage in favor of Plaintiff dated March 27, 2023, and filed on April 12, 2023, with the U.S. Coast Guard National Vessel Documentation Center (the "Registry"), Batch #: 11758230, Doc. ID #: 4 (the "Mortgage"). The Mortgage constitutes a preferred maritime lien on the Vessel pursuant to sections 31301 and 31322 of the Maritime Lien Act. A true and correct copy of the Mortgage is attached hereto as **Exhibit B**.

8. Upon information and belief, Borrower has owned the Vessel since at least March 27, 2023, and formerly operated the Vessel from the port of Cushing, Maine, for commercial fishing operations.

9. In May of 2025, Plaintiff served the Borrower with a notice of default and acceleration, and a demand for full payment due to the Borrower's failure to make payments related to the Note. As of August 25, 2025, the Borrower was liable to Plaintiff on the Note in the amount of $502,095.19, with interest continuing to accrue at a daily rate of $10.50. Additionally, pursuant to the Note and the Mortgage, Plaintiff is entitled to its reasonable collection costs, including attorneys' fees.

10. For the reasons set forth above, the Vessel is therefore liable, *in rem*, to Plaintiff in the amounts set forth in Paragraph 9, plus interest, penalties, other charges/costs, collection costs, and costs *in custodia legis*.

WHEREFORE, Plaintiff respectfully requests that this Court:

(A) issue process of maritime arrest against the Vessel pursuant to Rules C and E of the Supplemental Rules and the Maritime Lien Act;

(B) enter judgment in favor of Plaintiff in the amounts set forth above, plus interest, penalties, other charges/costs, collection costs, and costs *in custodia legis*;

(C) condemn and sell the Vessel to satisfy the obligations under the Note and Mortgage and any judgment of this Court; and

(D) grant such other and further relief to Plaintiff as this Court deems just and proper.

DATED: October 9, 2025                              Respectfully submitted,

/s/ *Oliver Mac Walton*
Jeremy R. Fischer
Oliver Mac Walton
**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, Maine  04101-2480
(207) 772-1941
jfischer@dwmlaw.com
owalton@dwmlaw.com

*Attorneys for Plaintiff Bangor Savings Bank*

[*verification page follows*]

## **VERIFICATION**

I, Michael Lam, hereby declare as follows:

1.  I am an Assistant Vice President at Bangor Savings Bank, where I am responsible for overseeing loans that are in default, including the loan at issue in this case.

2.  I have reviewed the foregoing allegations in the Complaint, and pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the allegations are true and correct based on my personal knowledge, except where stated on information and belief, in which case I believe such allegations to be true.

Dated: August 29, 2025

_____
Michael Lam
Assistant Vice President
Bangor Savings Bank